No. 32,760

FRANK O. LOWDEN, JAMES E. GORMAN and JOSEPH B. FLEMING, Trustees of the Estate of THE CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, *Appellants*, v. J. W. NUSBAUM, as County Treasurer of Marion County, and THE COTTONWOOD VALLEY DRAINAGE DISTRICT OF MARION COUNTY, *Appellees.*

(56 P. 2d 58)

Opinion filed April 11, 1936.

*Luther Burns* and *J. E. DuMars,* both of Topeka, for the appellants.
*John E. Wheeler* and *Roscoe King,* both of Marion, for the appellees.

The opinion of the court was delivered by

HUTCHISON, J.: This action was commenced in the district court of Marion county by the trustees of the estate of the Chicago, Rock Island and Pacific Railway Company against the county treasurer of Marion county and the Cottonwood Valley drainage district of Marion county for the recovery by the plaintiffs of drainage-district taxes for the year 1932, which the plaintiffs claim to have been unlawfully assessed and collected, and paid by them under protest. The county treasurer and the drainage district filed separate general demurrers, which were sustained by the district court, and from such ruling the plaintiffs appeal.

The petition sets out the way and manner in which the railroad was assessed by the Kansas state tax commission in the year 1932, enumerating in detail the many things taken into consideration by the tax commission in arriving at the assessed valuation of the railroad in Kansas on the mileage basis, among other things including the right of way, track, roadbed, sidetracks, depots, machine shops, other buildings, rolling stock of many kinds, market value or actual value of the capital stock, bonded indebtedness, tools, material for repairs and all other personal property.

The petition alleges that for the year 1932 the state tax commission considered all the various properties located in fourteen states and allocated to the state of Kansas and to the various counties, townships and cities therein such valuation upon a mileage basis. That the county clerk of Marion county "used said mileage basis value as the basis for extending taxes over the property of these plaintiffs for the use and benefit of the Cottonwood Valley drainage district of Marion county." That the plaintiffs have within the boundaries of said drainage district 4.82 miles of main track and 1.12 miles of side track. That the county clerk extended over the property of the railway company in said drainage district a valuation of $229,171. "That said bases included numerous properties and values, tangible and intangible, not within the said drainage district. That the value of all property of these plaintiffs for the year 1932 within the district did not exceed $40,000." That the value used by the tax commission for rolling stock, tools, material and supplies for that year was $6,528 per mile. That with the exception of lines of railway, telephone and other public utilities and city lots and property, all of the land within the drainage district is used for agricultural and general farm purposes and was valued at not to exceed $60 an acre, including improvements thereon.

Appellants first urge that the levying and imposing of taxes and the extension of the same in a drainage district is limited by statute to property within the boundaries of the district, citing the fact that this geographical restriction is contained in each of three subdivisions of R. S. 1933 Supp. 24-407, authorizing such a levy, viz., subdivisions 11, 12 and 13. This restriction is similar to other territorial limitations and restrictions. For example, it is said in R. S. 79-1801:

"The governing body of any city, the trustees of any municipal township, the board of education of any city, and the school-district boards in the county, are hereby required to cause to be certified to the county clerk the percentage by them levied on the real and personal property in such corporation, as returned on the assessment roll of the county. . . ."

See R. S. 14-402 in this connection as to cities of the second class where levy is authorized "on all real, mixed and personal property within the limits of said cities."

Individuals are required to list property such as money, credits and stocks in the cities or townships in which they reside (R. S. 79-306 and 79-307), although the money may be deposited in a

distant bank, a note may be given by one in another state or county, and corporation stock issued in Delaware or some other state and none of it be physically in the county, township, school district or drainage district in which the taxpayer resides.

The petition nowhere alleges facts that would bring the assessment, of which complaint is made, under subdivision 12 of R. S. 1933 Supp. 24-407, showing that the assessment is against certain real estate in the district that has been benefited, but the allegations are sufficient to bring the assessment under the provisions of either of the other two subdivisions, 11 or 13. Both these subdivisions refer to "property" within the district, while subdivision 12 refers to "real estate" within the district. So if the assessment is not for a particular benefit under subdivision 12, we shall not be limited to the consideration of real estate only.

Appellants cite *Atchison, T. & S. F. Rly. Co. v. Drainage District,* 133 Kan. 586, 1 P. 2d 253, where it was held that the railway real property within the drainage district was in that case to be regarded as land, just the same as the realty of other proprietors within the district. That was a drainage district that had been abandoned after it had incurred the expense of organization and survey, and this "percentage" tax that was approved was for the purpose of liquidating the preliminary expense before its abandonment.

Appellants cite in the same connection *Jefferson County Comm'rs v. Stonehouse Drainage District,* 127 Kan. 833, 275 Pac. 191, and *Railroad Co. v. Jefferson County,* 114 Kan. 156, 217, Pac. 315. The first of these cases was where the county sought to enjoin the drainage district from assessing and levying a tax against the improved county and state highway within the drainage district. It was there held that the act under which the district had been organized provided specifically how moneys shall be acquired for the general fund and for improvements to be made in the drainage district, and omitted to charge any part of such expense of highway improvements to the county. It further distinguished between a railroad right of way and a highway by calling attention to R. S. 24-422 with reference to special taxes and assessments upon each tract of land benefited, that the railroad right of way shall be deemed, treated and considered as real estate. In *Railroad Co. v. Jefferson County,* supra, which was a road-benefit-district case, where the Union Pacific Railroad Company sought to enjoin Jefferson county from levying a special assessment on the railroad property

to pay for a paved road in that benefit road district, the court held the railroad was liable for such assessment on its "real property and the improvements thereon," under the provision of the road-benefit-district law. This also seems to be dealing entirely with special assessments and special benefits accruing to the owners of property. Appellants also cite *Kimmel v. Wolf River Drainage Dist.*, 138 Kan. 209, 25 P. 2d 585, which was also a special benefit-district case, and a number of road-benefit-district cases which we think do not greatly assist us in reaching a determination of the matter here involved.

In the case of *Railroad Co. v. Leavenworth County*, 89 Kan. 72, 130 Pac. 855, the drainage-district assessments were under consideration, and it was there held:

"Two methods are provided for making improvements under the drainage act, one by special assessment upon the real estate that may be benefited by the improvement and in proportion to the benefit, and the other by the levy of a general tax on taxable property of every kind in the district." (p. 78.)

R. S. 79-102, being the beginning of the taxation statutes, defines property as follows:

"That the term 'property,' when used alone in this act, shall mean and include every kind of property subject to ownership."

The assessment in this case not being alleged to have been a special or benefit assessment, it is not limited to real estate but to property generally, as above defined, and therefore the valuation of the state tax commission on the mileage basis was proper, and the demurrers of the defendants to the petition were properly sustained.

We are not shown or persuaded as to the constitutional rights of the plaintiff being in any way violated by the use of the same method of arriving at the mileage assessment for the drainage district as was used for state, county, city and township purposes.

Defendants filed a counter abstract which covered matters not contained in the petition, and on one particular feature in effect modified or tended to contradict a certain allegation in the petition, and one of the demurrers attempted to raise the question as an issue of law in the case. The plaintiffs moved to strike the counter abstract from the files. That motion is sustained, and the counter abstract is stricken from the files. On the hearing of a demurrer to a petition the allegations of the petition must be accepted as true and correct. The information contained in the counter abstract

was not and should not be considered in determining the sufficiency of the petition.

The ruling of the trial court sustaining the demurrers to the petition is affirmed.